UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **McINTYRE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0544** |
| **THEODORE** | **SECTION: "G"(1)** |

### ORDER

Before the Court is Defendant Jennifer Theodore's "Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment,"[1] wherein Theodore requests that this Court dismiss Plaintiff Ronald McIntyre's complaint because the claims therein have prescribed. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No memorandum in opposition to the pending motion, which was set for hearing on May 13, 2015, was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[2]

McIntyre, proceeding *pro se*, alleges that Theodore made false allegations of sexual harassment against him.[3] In his complaint, which was filed on February 13, 2015, McIntyre states that:

> On or about January 27 and 29, 2014 respectively the plaintiff received letters forwarded him by David Gilmore entitled "Letter of Termination" and "Supplement to January 16, 2014 Termination Letter" on the letterhead of the Housing Authority of New Orleans stating that the plaintiff was being terminated for inappropriate

---

[1] Rec. Doc. 8.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[3] Rec. Doc. 1.

1

      action with a female employee. Additionally, on February 8th, 2014 the Administrative Receiver David Gilmore told the plaintiff that he had continually sexually harassed Jennifer Theodore and she taped you.[4]

McIntyre additionally states that "Ms. Theodore's actions/comments assisted the Administrative Receiver David Gilmore in conspiring to terminate the plaintiff's employment at the Housing Authority of New Orleans."[5] According to the complaint, "the actions of the Defendant constitute the torts of defamation, libel, slander and/or false light invasion of privacy."[6] Accordingly, it appears that McIntyre alleges causes of action against Theodore for defamation, false light invasion of privacy, and conspiracy.

      Theodore argues, correctly, that McIntyre's claims are prescribed.[7] Defamation and false light invasion of privacy are torts under Louisiana law, and tort claims are subject to a one-year prescriptive period.[8] The prescriptive period generally begins to run from the date on which the injury or damage is sustained, even if the plaintiff only later realize the full extent of his damages. For defamation claims, the one-year prescriptive period commences when the plaintiff gains knowledge of the damage-causing publication by the defendant.[9] Under Louisiana law, the party asserting prescription bears the burden of proof, unless it is evident from the face of the pleadings

---

[4] *Id.* at ¶ 5.

[5] *Id.* at ¶ 9.

[6] *Id.* at ¶ 18.

[7] Rec. Doc. 8-1 at p. 5.

[8] La. Civ. Code art. 3492; *see Clark v. Wilcox*, 928 So.2d 104, 111 (La. App. 1 Cir. 12/22/05) (citing *Wiggins v. Creary*, 475 So.2d 780, 781 (La. App. 1 Cir.1985), writ denied, 478 So.2d 910 (La.1985) ("Claims for defamation are delictual in nature and are subject to LSA–C.C. art. 3492's one-year prescriptive period, which commences to run from the day injury or damage is sustained.")).

[9] *Clark*, 928 So.2d at 112.

that a claim is prescribed.[10]

Here, McIntyre alleges in his complaint that he received a letter on or after January 27, 2014 notifying him that Theodore made a sexual harassment claim against him. Thus, prescription accrued on any potential defamation or false light invasion of privacy claim one year later, on January 27, 2015. However, McIntyre filed the complaint in this matter on February 13, 2015.[11] Accordingly, it is evident from the face of the complaint that McIntyre's defamation and false light invasion of privacy claims against Theodore are prescribed.

To the extent that McIntyre also brings a conspiracy claim against Theodore, that claim must also be dismissed as prescribed. The Louisiana Supreme Court has held that conspiracy by itself is not an actionable claim under Louisiana law.[12] The actionable element of a conspiracy claim is the tort that the conspirators agree to perpetrate and actually commit in whole or in part.[13] Because McIntyre's claims for defamation and false light invasion of privacy are subject to a one-year prescriptive period, his claim for conspiracy is likewise subject to a one-year prescriptive period and must be dismissed.[14]

"District courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."[15] Although "the definition of a plaintiff's 'best case' has been deemed

---

[10] *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 188 (La.6/4/99).

[11] Rec. Doc. 1.

[12] *Ames v. Ohle*, 97 So.3d 386, 394 (La. App. 4 Cir. 5/23/12, 12).

[13] *Id.* (citations omitted).

[14] *Id.* (citation omitted).

[15] *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (citations omitted).

'elusive,'" in determining whether a *pro se* plaintiff has pled his best case, courts generally review the record to determine whether the plaintiff could state a claim by amending his or her complaint.[16] If a *pro se* plaintiff gives no indication of what material facts he would include in an amended complaint, the district court may exercise its discretion to deny the plaintiff leave to amend.[17]  As stated above, McIntyre has failed to oppose the pending motion. Accordingly, based on the record and the complaint,  McIntyre has failed to indicate what material facts he would include in an amended complaint. Moreover, since his claims against Theodore have prescribed, the Court finds that amendment would be futile. Because the Court  finds that McIntyre has pled his best case against Theodore, the Court will not grant him an opportunity to amend his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jennifer Theodore's "Motion to Dismiss for Failure to State a Claim or, Alternatively, Motion for Summary Judgment"[18] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff  Ronald McIntyre's complaint against Defendant Jennifer Theodore is **DISMISSED.**

**NEW ORLEANS, LOUISIANA**, this __13th__ day of May, 2015.

                                                      **NANNETTE JOLIVETTE BROWN**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[16] See *Amanduron v. American Airlines*, 416 Fed. Appx. 421, 423 (5th Cir. 2011).

[17] See *Kastner v. Lawrence*, 390 Fed. Appx. 311, 317 (5th Cir. 2010).

[18] Rec. Doc. 8.